                   IN THE COURT OF APPEALS OF NORTH CAROLINA

                                      2021-NCCOA-314

                                      No. COA19-250-2

                                      Filed 6 July 2021

     Alamance County, No. 13 CRS 3976

     STATE OF NORTH CAROLINA

                  v.

     WILLIAM LEE SCOTT


           Appeal by defendant from judgment entered 23 July 2018 by Judge Paul C.

     Ridgeway in Alamance County Superior Court. Heard in the Court of Appeals 15

     October 2019. A divided panel of this Court found no prejudicial error in defendant’s

     conviction by opinion filed 21 January 2020. State v. Scott, 269 N.C. App. 457, 838

     S.E.2d 676 (2020). By opinion filed 16 April 2021, the Supreme Court of North

     Carolina remanded to this Court “to apply the proper standard and review this

     matter[.]” State v. Scott, __ N.C. __, 2021-NCSC-41, ¶ 11 (2021).


           Attorney General Joshua H. Stein, by Assistant Attorney General Kathryne E.
           Hathcock, for the State.

           M. Gordon Widenhouse, Jr., for defendant-appellant.


           TYSON, Judge.


¶1         The Supreme Court of North Carolina remanded this case to this Court to

     determine whether the State has carried its burden to prove and to apply a harmless
                                         STATE V. SCOTT

                                         2021-NCCOA-314

                                        Opinion of the Court



     error beyond a reasonable doubt standard of review to Defendant’s claim of

     constitutional error. Defendant’s blood had been unlawfully seized from a hospital

     where Defendant was treated following an auto collision. This Court previously

     concluded the admission of blood alcohol concentration (“BAC”) search results of

     Defendant’s blood was error. On remand, we determine whether the State has proved

     the Fourth Amendment seizure violation was harmless beyond a reasonable doubt.

     See U.S. Const. amend. IV.

                             I.   Fourth Amendment Search

¶2         The Fourth Amendment of the Constitution of the United States guarantees

     “[t]he right of the people to be secure in their persons, houses, papers, and effects,

     against unreasonable searches and seizures[.]” U.S. Const. amend. IV. The Supreme

     Court of the United States observed:

                  [t]he interests in human dignity and privacy which the
                  Fourth Amendment protects forbid any such intrusions on
                  the mere chance that desired evidence might be obtained.
                  In the absence of a clear indication that in fact such
                  evidence will be found, these fundamental human interests
                  require law officers to suffer the risk that such evidence
                  may disappear unless there is an immediate search.

     Schmerber v. California, 384 U.S. 757, 769-70, 16 L. Ed. 2d 908, 919 (1966). “The

     [Fourth] Amendment thus prohibits ‘unreasonable searches,’ . . . [and] the taking of

     a blood sample . . . is a search.” Birchfield v. North Dakota, 579 U.S. ___, ___, 195 L.

     Ed. 2d 560, 575 (2016); see also State v. Romano, 369 N.C. 678, 685, 800 S.E.2d 644,
                                        STATE V. SCOTT

                                        2021-NCCOA-314

                                       Opinion of the Court



     649 (2017) (“drawing blood . . . constitutes a search under both the Federal and North

     Carolina Constitutions.”).

¶3         The Supreme Court of the United States also concluded: “The reasonableness

     of a search depends on the totality of the circumstances, including the nature and

     purpose of the search and the extent to which the search intrudes upon reasonable

     privacy expectations.” Grady v. North Carolina, 575 U.S. 306, 310, 191 L. Ed. 2d 459
     (2015) (per curiam). Blood tests: (1) “require piercing the skin and extract[tion of] a

     part of the subject’s body”; (2) are “significantly more intrusive than blowing into a

     tube”; and (3) place in the hands of law enforcement “a sample that can be preserved

     and from which it is possible to extract information beyond a simple BAC reading.”

     Birchfield, 579 U.S. at ___, 195 L. Ed. 2d at 565-66 (citations and internal quotation

     marks omitted).

¶4         Without probable cause, exigent circumstances, or an exception to the warrant

     requirement, a warrantless search violates the Fourth Amendment to the

     Constitution of the United States.     This Court unanimously agreed Defendant’s

     constitutional rights were violated. State v. Scott, 269 N.C. App. 457, 465, 838 S.E.2d

     676, 681 (2020), rev’d, __ N.C. __, 2021-NCSC-41 (2021). See U.S. Const. amend. IV;

     State v. Welch, 316 N.C. 578, 587, 342 S.E.2d 789, 794 (1986) (interpreting the

     balancing test set forth in Schmerber, 384 U.S. at 770–72, 16 L. Ed. 2d at 919-20, as

     “forbidding law enforcement authorities acting without a search warrant from
                                         STATE V. SCOTT

                                         2021-NCCOA-314

                                        Opinion of the Court



     requiring a defendant to submit to the drawing of a blood sample unless probable

     cause and exigent circumstances exist to justify a warrantless seizure of the blood

     sample”).

¶5         This Court also unanimously agreed Defendant’s motion to suppress should

     have been allowed. Scott, 269 N.C. App. at 465, 838 S.E.2d at 681. The order

     resulting in the production of the blood to the State was not based on either probable

     cause or exigent circumstances. Id. at 464–65, 838 S.E.2d at 681.

¶6         We previously concluded Defendant’s Fourth Amendment rights were violated

     by law enforcement officers, compelling the production and seizure of his blood from

     the hospital without a warrant. We review whether the State has proved the

     subsequent introduction of evidence obtained from the State Bureau of Investigation

     laboratory’s analysis of Defendant’s blood and its admission at trial, was harmless

     beyond a reasonable doubt.

                                 II.   Standard of Review

¶7         Upon remand, the State must show, and this Court applies a harmless error

     beyond a reasonable doubt standard of review. The standard of review for federal

     constitutional errors applies to this case. See State v. Ortiz-Zape, 367 N.C. 1, 13, 743

     S.E.2d 156, 164 (2013) (“When violations of a defendant’s rights under the United

     States Constitution are alleged, harmless error review functions the same way in

     both federal and state courts.” (quoting State v. Lawrence, 365 N.C. 506, 513, 723
                                         STATE V. SCOTT

                                         2021-NCCOA-314

                                        Opinion of the Court



     S.E.2d 326, 331 (2012)); State v. Autry, 321 N.C. 392, 399, 364 S.E.2d 341, 346 (1988)

     (“[If] the search violated defendant’s constitutional rights and . . . the evidence . . .

     was improperly admitted at trial, we find any such error in its admission harmless

     beyond a reasonable doubt.”); State v. Peterson, 361 N.C. 587, 594, 652 S.E.2d 216,

     222 (2007).

¶8         N.C. Gen. Stat. § 15A-1443(b) “reflects the standard of prejudice with regard

     to violation of the defendant’s rights under the Constitution of the United States, as

     set out in the case of Chapman v. California, 386 U.S. 18, 17 L. Ed. 2d at 705 (1967).”

     N.C. Gen. Stat. § 15A-1443 official cmt. (2019). The burden falls “upon the State to

     demonstrate, beyond a reasonable doubt, that the error was harmless.” N.C. Gen.

     Stat. § 15A-1443(b) (2019); see also Brecht v. Abrahamson, 507 U.S. 619, 630, 123 L.

     Ed. 2d 353, 367 (1993); Chapman, 386 U.S. at 24; 17 L. Ed. 2d at 710-11; Lawrence,

     365 N.C. at 513, 723 S.E.2d at 331. “[B]efore a federal constitutional error can be

     held harmless, the court must be able to declare a belief that [the error] was harmless

     beyond a reasonable doubt.” Chapman, 386 U.S. at 24, 17 L. Ed. 2d at 708; see also

     Davis v. Ayala, 576 U.S. 257, 267, 192 L. Ed. 2d 323, 332-33 (2015); N.C. Gen. Stat. §

     15A-1443(b).

                   III.   Harmless Error Beyond a Reasonable Doubt

¶9         This Court allowed and received supplemental briefing on this issue from both

     parties. The State argues any error in the introduction and admission of the blood
                                          STATE V. SCOTT

                                          2021-NCCOA-314

                                         Opinion of the Court



       evidence and the results of BAC testing performed on the blood was harmless error

       beyond a reasonable doubt. The State argues other overwhelming evidence was

       properly admitted into evidence to show both: (1) Defendant was passing another

       vehicle at a high rate of speed in a no passing zone; and, (2) his admission he was

       driving recklessly and grossly speeding at and near the time of the collision with

       Veocia Warren’s vehicle. The State asserts this evidence independently supports the

       jury’s conclusion to prove the malice required for a conviction of second-degree

       murder by a motor vehicle to support the verdict beyond a reasonable doubt.

¶ 10         The State also argues Defendant’s multiple prior convictions for impaired

       driving and speeding show knowledge, intent, and absence of mistake independently

       support the verdict and prove the introduction of the blood evidence was harmless

       beyond a reasonable doubt. The trial court also instructed the jury disjunctively that

       to convict, it must find “the defendant drove while impaired, and or drove in excess

       of the posted speed limit, and or drove recklessly.” (emphasis supplied).

¶ 11         The trial court stated, “I’m not sure what the evidence of impairment is. You

       know, there will be a motion to dismiss at the end of the State’s case. And as I

       understand the case, it rises or falls on the blood evidence.” As the trial court

       predicted, this Court and the Supreme Court of North Carolina agreed, “[t]he first

       and only indication of Defendant’s intoxication were results of tests on Defendant’s
                                             STATE V. SCOTT

                                             2021-NCCOA-314

                                          Opinion of the Court



       blood samples taken from the hospital and tested over a week later at the SBI

       laboratory.” Scott, 269 N.C. App. at 463, 838 S.E.2d at 680.

¶ 12         No person involved in the accident or investigation suspected Defendant was

       impaired. No one noticed any odor of alcohol on his breath, slur in his speech, nor

       any other signs of impairment at the scene of the collision, while being transported

       to the hospital, while at the hospital, nor at the home interview with officers after his

       release.

¶ 13         The State’s evidence overcomes a motion to dismiss based upon Defendant’s

       speeding and reckless driving and his prior record to show malice. This showing does

       not end the inquiry. The State has not carried its burden to prove the admission of

       the blood evidence to demonstrate the federal constitutional error is “harmless

       beyond a reasonable doubt.” Lawrence, 365 N.C. at 513, 723 S.E.2d at 331 (citation

       omitted). See N.C.P.I. -- Crim. 206.32A (2010).

¶ 14         The jury returned a general verdict form that did not specify the specific

       ground or grounds upon which it found to support malice. The day prior to trial, the

       State dismissed the misdemeanor death by vehicle count. The State proceeded to

       trial with the second-degree murder and felony death by vehicle charges. After the

       jury’s guilty verdicts on both charges, the trial court arrested judgment on the felony

       death by vehicle charge.

                                       IV.     Conclusion
                                         STATE V. SCOTT

                                         2021-NCCOA-314

                                        Opinion of the Court



¶ 15         The State presented sufficient evidence to survive Defendant’s motion to

       dismiss. The State failed to carry its burden to demonstrate the constitutional error

       in the admission of the blood evidence was “harmless beyond a reasonable doubt.”

       Lawrence, 365 N.C. at 513, 723 S.E.2d at 331. We vacate Defendant’s conviction for

       second-degree murder, the trial court’s judgment entered thereon, and remand for a

       new trial. It is so ordered.

             NEW TRIAL.

             Judges GORE and GRIFFIN concur.
